E-FILED
Monday, 22 February, 2021  01:49:13 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODNEY BURNETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **No.: 20-cv-1356-JBM** |
| ) | |
| **SUPERINTENDANT INMAN  , et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* and currently incarcerated at the Metropolitan Correctional

Center, pursues a § 1983 action alleging deliberate indifference and inhumane conditions of

confinement at the Livingston County Jail ("Jail"). The case is before the Court for a merit

review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual

allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d

645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient.  Enough

facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v.*

*United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).

While the pleading standard does not require "detailed factual allegations", it requires "more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed.

Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On April 14, 2019, Plaintiff was lying on bunk when the bunk above him fell, injuring his

head and back. Plaintiff indicates that he received some medical attention, as he was checked to

determine whether he had suffered a concussion. At that time, Plaintiff was given a "verification

form", not otherwise specified, and told to sign. Plaintiff did so, and later discovered that the

form was a refusal of treatment. When Plaintiff later experienced pain and sought medical treatment, it was denied due to his having signed the refusal form.

Plaintiff names as Defendants Jail Superintendent Inman, Correctional Officer Potts, and the Livingston County Jail. Plaintiff does not, however, plead any allegations as to Defendants Inman or Potts, not claiming that either of them induced him to sign the refusal form or refused him medical treatment. Plaintiff, similarly, does not identify any individual whom he holds liable for the upper bunk having fallen on him. Plaintiff requests money damages as compensation for his injuries, not particularly identified, as well as that "more proper, frequent and thorough maintenance be performed throughout the facility to insure the safety of the staff and inmates."

## ANALYSIS

As Plaintiff was a pretrial detainee during the events at issue, his claims are reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). Under the Fourteenth Amendment standard, a pretrial detainee need establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). In other words, that defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell*, 849 F.3d at 35. This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 2018 WL 3796482, at *12.

The failure to address easily treatable pain may violate the Constitution." *Petties v. Carter*, 836 F.3d 722 (7th Cir. 2016), *as amended* (Aug. 25, 2016) (internal citations omitted). Liability will not attach, however, unless a Defendant was aware or, reasonably should have

been aware of the risk to Plaintiff. Plaintiff does not plead any such facts against Defendants Inman and Potts and does not mention them in the body of the complaint. It is well-recognized that §1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). Plaintiff makes no such allegations here.

Plaintiff's allegations as to the conditions of confinement under which he was held will not rise to the level of a constitutional violation unless "unquestioned and serious" and contrary to "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Here, again, Plaintiff does not allege that any Defendant knew or should have known that the bunk above might fall, causing him injury. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (a prison official may be liable for inhumane conditions "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.") Defendants are not liable in a §1983 action for mere negligence. *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015).

Plaintiff also names the Jail which is not a "person" amenable to suit under § 1983. *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir.2001). *See Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("[t]he 'Sangamon County Jail' is not a 'person' that may be sued under § 1983."); *Wright v. Porter County,* 2013 WL 1176199, * 2 (N.D.Ind. Mar. 19, 2013)(" the jail… is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations.) The Livingston County Jail is DISMISSED with prejudice.

**IT IS THEREFORE ORDERED:**

1)      Plaintiff's complaint is dismissed in its entirety. Plaintiff will have 30 days in which to file an amended complaint. It is to be captioned "Amended Complaint" and is to include all of his claims, without reference to a prior pleading. If Plaintiff repleads, he is to identify those individual persons whom he holds liable for violating his constitutional rights. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2)      Plaintiff files [4], a motion for recruitment of *pro bono* counsel asserting that he sent letters to several attorneys seeking representation but received no response. The Court does not find this sufficient to establish that Plaintiff made a good faith effort to secure counsel on his own, as in the Court's experience, attorneys' offices will generally respond. [4] is DENIED. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). In the event that Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel.

3)      When Plaintiff filed his complaint, he was asked to disclose all lawsuits he had filed in state or federal Court. The totality of Plaintiff's response was "Concurrent filings." This, too, is inadequate. If Plaintiff files an amended complaint, he is to disclose his full litigation history.

 2/22/2021                                    s/Joe Billy McDade
ENTERED                              JOE BILLY McDADE
                              UNITED STATES DISTRICT JUDGE

4